**NO. 22-55416**

In The
# United States Court of Appeals
For The Ninth Circuit

**DANIEL E. DAVIS; PETER CONTI; GRINGO HOLDINGS, LLC,**

***Plaintiffs – Appellants,***

**v.**

**BLUE TONGUE FILMS; DENVER AND DELILAH PRODUCTIONS; A. J. DIX; NASH EDGERTON; EROS INTERNATIONAL MEDIA LTD.; TRISH HOFFMAN; BETH KONO; MATTHEW STONE; ANTHONY TAMBAKIS; CHARLIZE THERON; REBECCA YELDHAM,**

***Defendants – Appellees.***

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES**

## EXCERPTS OF RECORD
## VOLUME I OF I

**Spencer Dreier**
**WACHTEL MISSRY, LLP**
**885 Second Avenue, Floor 47**
**New York, New York 10017**
**(212) 909-9522**

***Counsel for Appellants***

**Jonah A. Grossabrdt**
**Matthew L. Rollin**
**SRIPLAW**
**8730 Wilshire Boulevard, Suite 350**
**Beverly Hills, California 90211**
**(323) 364-6565**

***Counsel for Appellants***

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

**Order of**
**The Honorable James V. Selna**
**Re: Granting Defendants' Motion to Dismiss Second Amended Complaint Without Leave to Amend**
**filed March 23, 2022 ........ ER_3**

**Plaintiffs' Second Amended Complaint**
**filed January 24, 2022 ........ ER_12**

**Order of**
**The Honorable James V. Selna**
**Re: Granting Defendants' Motion to Dismiss First Amended Complaint With Leave to Amend**
**filed January 3, 2022 ........ ER_24**

**Plaintiffs' Notice of Appeal**
**filed April 22, 2022 ........ ER_35**

**Docket Entries ........ ER_37**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss Second Amended Complaint [52]**

Defendants Denver and Delilah Productions, A.J. Dix, Eros International Media, Ltd., Trish Hofmann, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, and Rebecca Yeldham (collectively, "Defendants") move to dismiss Plaintiffs Daniel E. Davis, Peter Conti, and Gringo Holdings, LLC's (collectively, "Plaintiffs") Second Amended Complaint ("SAC") (Dkt. 50) pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Mot., Dkt. 52. Plaintiffs oppose this motion. Opp'n, Dkt. 55. Defendants filed a reply. Dkt. 56.

For the following reasons, the Court **GRANTS** the Motion without leave to amend.

## I. BACKGROUND

### A. Procedural Background

On January 3, 2022, the Court granted Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") on the grounds that "Defendants' use of 'GRINGO' is protected by the First Amendment under Rogers and [that] Plaintiffs ha[d] failed to allege sufficient facts to make out a plausible claim that survives the test." Order Granting Motion to Dismiss FAC ("Order"), Dkt. 49, at 10. In reaching this conclusion, the Court found that Plaintiffs' "allegations [were] even less compelling than the allegations that Dr. Seuss found insufficient," and that "none of [Plaintiffs'] allegations amount[ed] to an 'explicit indication, overt claim, or explicit misstatement' that the source of the Film was Plaintiffs' Book." Id. The Court granted the motion with leave to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date March 23, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

amend. Id. at 1.

Plaintiffs then filed a Second Amended Complaint ("SAC") largely repeating the same allegations as the FAC. See Dkt. 50. However, the SAC adds the following allegations made "upon information and belief": that each of the Defendants participate din the decision to change the title of the Film to "GRINGO" with the intent to deceive consumers as to an association with the Book, and Defendants "perpetuated the likelihood of confusion and actual confusion among consumers as to the [Film's] source[.]" SAC ¶¶ 26–29, 31.

**B. Factual Allegations**

The following allegations are from Plaintiffs' SAC (Dkt. 50).

Plaintiffs Davis and Conti are co-authors of the book entitled "GRINGO" (the "Book"), (SAC, Dkt. 50, ¶¶ 4–5), and Plaintiff Gringo Holdings is a limited liability company wholly owned by Davis (Id. ¶ 6). Plaintiffs jointly own the copyright to the Book and share in all property interests related to the Book. Id. ¶ 7.

Plaintiffs' Book was published by Full Court Press in November 2016. Id. ¶ 17. The Book is a first-hand account of Davis' thirteen years as an American fugitive after fleeing to Mexico to avoid imprisonment on a drug conviction for distributing marijuana due to his being "set up" by a friend who turned out to be a cooperating witness-drug dealer. Id. ¶ 18. Much of the Book focuses on Davis' challenges and adventures as an American adjusting to life on the run in Mexico, where he is out of his element, while avoiding arrest by the federales and kidnaping by cartels. Id. Upon publication, the Book quickly became an Amazon number one bestseller. Id. ¶ 19. The Book and its audiobook remain bestsellers on several Amazon lists today. Id. The book also received highly favorable reviews in major publications, including, The New York Times, The Chicago Tribune, USA Today, MSNBC, the London Post, Kirkus Review, Manhattan Book Review, San Francisco Book Review, Portland Book Review, and Seattle Book Review. Id. The Book was also favorably reviewed by more than five-hundred Amazon buyers, giving it a 4.3/5.0 rating. Id. Since its publication, Davis has regularly traveled to promote the Book and is regularly recognized in public by his readership as an author of the Book. Id. ¶ 20.

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 5 of 48

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date March 23, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

Defendants' Film was released in March 2018. Id. ¶ 21. The Film is a fictionalized account of an American who, like Davis, is on the run after being set-up by his "friends" for distributing marijuana and is kidnapped by a drug cartel and tries to avoid being killed while adjusting to life south of the border, where he is out of his element. Id. ¶ 22. When production of the Film began in or about 2014, its "working," title was "American Express." Id. ¶ 23. However, by the time the Film was released in March 2018, after publication of the Book, the title of the Film had been changed to "GRINGO," with a somewhat distressed font all in capital letters that closely resembled the font and typeface of the Book. Id. ¶¶ 23–24. Defendants used the "GRINGO" title on movie posters, television and internet trailers, billboards and movie theater marquees, and on Amazon Prime and other streaming and rental service webpages for rent and purchase. Id. ¶ 28.

Before Defendants changed the Film's title, they became aware of the Book, the similarities in its theme, and its commercial success on Amazon because it was prominently identified on Amazon as an Amazon Bestseller in the very same marketplace that the Film would be primarily released as an "Amazon Original" movie. Id. ¶ 26. Plaintiffs allege "upon information and belief" that Defendants changed the title of the Film to "GRINGO" with the actual and purposeful intention to deceive, mislead, and cause confusion among consumers, as to the content and origin of the Film and its association with the Book and/or sponsorship by Davis. Id. ¶ 27. Defendants exploited the public recognition and commercial success of the Book and its imprimatur as an Amazon Bestseller by changing the title of the Film to "GRINGO" in anticipation of its distribution on Amazon Prime Video. Id. ¶ 28. Defendants distributed the Film widely and internationally via Amazon Prime Video streaming service and in movie theaters concurrently with its release, and later syndicated it through other digital platforms, including, among others, Vudu.com and Apple TV. Id. ¶ 31.

Since the Film's release, there has been widespread confusion among the public and in the film industry as to the relationship between the Book and the Film and the source of the film, and many have mistakenly assumed that the Film is an adaptation of the Book. Id. ¶ 32. The Film created public confusion that has directly and materially interfered with Plaintiffs' attempts to sell the film rights to their Book. Id. ¶ 33. For example, third parties who actively showed interest in the film rights to the Book prior to the Film's release explained to Plaintiffs that they lost interest following the Film's

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 3 of 9

**ER_5**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 6 of 48

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date March 23, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

release because they had believed and thought consumers would believe that the Film was the adaptation of the Book. Id. Plaintiffs have been unable to revive their former interest. Id. Further, sales of the Book have suffered as a result of the confusion between the Film and the Book. Id. For example, some people saw the Film and then did not purchase the Book because they mistakenly believed they had already seen the story in the Film. Id. Moreover, the Film has been a critical failure. Id. ¶ 35. Thus, potential buyers of the Book who believed that the Film and Book told the same story, disliked the Film and accordingly eschewed the Book. Id.

Plaintiffs allege in their FAC that Defendants violated the Lanham Act and California's unfair competition law by titling the Film "GRINGO" without Plaintiffs' authorization. Id. ¶¶ 36–50.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 4 of 9

**ER_6**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 7 of 48

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date March 23, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

## III. Discussion

### A. Lanham Act Violation (Count One)

#### *1. The Rogers Test*

While trademark infringement claims under the Lanham Act are generally governed by a "likelihood-of-confusion" test, when the alllegedly infringing use is in the title of an expressive work, the Ninth Circuit "ha[s] adopted the Second Circuit's Rogers test to strike an appropriate balance between First Amendment interests in protecting artistic expression and the Lanham Act's purposes to secure trademark rights." Gordon v. Drape Creative, Inc., 909 F.3d 257, 264 (9th Cir. 2018) (citing Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 900 (9th Cir. 2002)). Under Rogers, the Court reads the Lanham Act "to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression." Id. (quoting Mattel, 296 F.3d at 901).

Under the Rogers test, the defendant must show "that its allegedly infringing use is part of an expressive work protected by the First Amendment. Id. If the defendant makes that showing, plaintiff must then satisfy both the likelihood-of-confusion test and at least one of Rogers's two prongs. Id. In other words, "when the defendant demonstrates that First Amendment interests are at stake, the plaintiff claiming infringement must show not only (1) that it has a valid, protectable trademark, and (2) that the defendant's use of the mark is likely to cause confusion, but also (3) that the mark is either not artistically relevant to the underlying work or explicitly misleads consumers as to the source or content of the work." Id. Notably, "[t]he Rogers test drew a balance in favor of artistic expression and tolerates 'the slight risk that [the use of the trademark] might implicitly suggest endorsement or sponsorship to some people.'" Rogers, 857 F.2d at 1000.

As the Court explained in its previous order, the Rogers test applies to the present dispute. Dkt. 49, at 9.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 5 of 9

ER_7

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 8 of 48

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date March 23, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

*2. Whether Plaintiffs Have Met Their Burden under the Rogers Test*

Plaintiffs do not have an actionable Lanham Act claim under Rogers unless they have adequately pled that Defendants' use of the mark is either "(1) not artistically relevant to the underlying work or (2) explicitly misleads consumers as to the source or content of the work." Dr. Seuss Enters., 983 F.3d at 462 (internal quotation omitted). "Neither of these prongs is easy to meet." Id.

Plaintiffs rely on the second prong of the Rogers test, arguing that the Film "explicitly misleads consumers as to the source or content of the work." See Opp'n, Dkt. 55, at 2.

First, the SAC, like the FAC, does not allege that Defendants made any overt claims or explicit misstatements as to Plaintiffs' Book or its authors being the source of Defendants' Film.

Second, as they did in opposition to the previous Motion to Dismiss, Plaintiffs argue that Defendants' use of the mark "in the same way" as Plaintiffs' shows that the Film was explicitly misleading. Opp'n, Dkt. 55, at 4. In support of this argument, Plaintiffs construe the Ninth Circuit's Gordon opinion as holding that "the second prong of Rogers does not require some sort of explicit statement in the defendant's work as to some association with or endorsement of the plaintiff." Opp'n at 2 (citing Gordon, 909 F.3d at 268). In Dr. Seuss, a case that post-dates Gordon, the Ninth Circuit clarified that Gordon "demonstrate[d] Rogers's outer limits," where the defendant's expressive work consisted of the mark and not much else." Dr. Seuss, 983 F.3d at 462 (quoting Gordon, 909 F.3d at 261, 268–69). Further, Dr. Seuss reiterated that Rogers's second prong is a "high bar that requires the use to be 'an explicit indication, overt claim, or explicit misstatement about the source of the work." Id. (quoting Brown, 724 F.3d at 1245).

In Gordon, the Ninth Circuit recognized that "[i]n some instances, the use of a mark alone may explicitly mislead consumers about a product's source if consumers would ordinarily identify the source by the mark itself." 909 F.3d at 269. Accordingly,

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 6 of 9

**ER_8**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 9 of 48

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date March 23, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

"two 'more relevant consideration[s]' weigh in evaluating whether the mark is explicitly misleading: (1) 'the degree to which the junior user uses the mark in the same way as the senior user' and (2) 'the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself.'" Dr. Seuss, 983 F.3d at 462–63 (quoting Gordon, 909 F.3d at 270–71).

In its prior Order, this Court evaluated these considerations and determined that the mark was not explicitly misleading as to its source, because "Defendants' film tells a different story than the Book," "the covers of the works are far from identical," and the Book "adds expressive content to the work." Order at 10. The SAC does not change this analysis.

First, the Court evaluates the degree to which the junior user uses the mark in the same way as the senior user. Plaintiffs argue that Defendants use the mark "in the very same way" as Plaintiffs, because "[t]hey used it as the title to their work," "to refer to the protagonist of their work," and "to market their work to the very same class of consumers" as did Plaintiffs. Opp'n at 11. However, Defendants use the mark as the title of a film whereas Plaintiffs use it with regards to a book. While these contexts may be related in that they are both titles of expressive works, they are not identical.

Second, the Court considers the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself. As Rogers explains, "the concern that consumers will not be 'misled as to the source of [a] product' is generally allayed when the mark is used as only one component of a junior user's larger expressive creation, such that the use of the mark at most 'implicitly suggest[s]' that the product is associated with the mark's owner." Gordon, 909 F.3d at 270–71 (quoting Rogers, 875 F.2d at 998–99). On the other hand, "using a mark as the centerpiece of an expressive work itself, unadorned with any artistic contribution by the junior user, may reflect nothing more than an effort to 'induce the sale of goods or services' by confusion or 'lessen[] the distinctiveness and thus the commercial value of' a competitor's mark." Id. (quoting S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm, 483 U.S. 522, 539 (1987)).

For example, Gordon found that there was a triable issue of fact as to whether the mark was explicitly misleading when "the defendant's expressive work consisted of the mark and not much else." Dr. Seuss, 983 F.3d at 462. Specifically, both the plaintiffs

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 7 of 9

**ER_9**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 10 of 48

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date March 23, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

and defendants in Gordon "sold greeting cards and other merchandise with [plaintiff's] mark" and "in at least some of defendants' cards, [plaintiff's] mark was used without any other text." Gordon, 909 F.3d at 271. That is not the case here. Plaintiffs do not allege that Defendants use their mark itself, without any additional artistic contribution. Instead, this is a case involving the use of a mark in the title of an expressive work such that the mark serves as only one element of the work. See id. (internal citations omitted) ("In cases involving the use of a mark in the title of an expressive work—such as the title of a movie, a song, a photograph, or a television show—the mark obviously served as only one 'element of the [work] and the [junior user's] artistic expressions"). Such cases do not represent the outer limits of Rogers that Gordon describes in which the junior user uses the mark in the exact same way as the senior user and adds no artistic contribution. In fact, the titles of the works here are not identical—the Film is titled "Gringo" whereas the Book is titled "Gringo: My Life on the Edge as an International Fugitive." Further, as Plaintiffs concede, "the story in the [Film] is not the same as the story in the Book." Opp'n at 11. Moreover, as the Court explained in its previous order, "the covers of the works are far from identical"— "[t]he Film features different art, does not include the Book's subtitle, [uses] different font, and generally does not look the same." Order at 10. Accordingly, unlike Gordon, this is not a case that tests Rogers's "outer limits" such that the use of a mark alone may explicitly mislead consumers about a product's source.

Plaintiffs have not alleged facts from which a reasonable jury could conclude that Defendants' use of Plaintiffs' mark is "explicitly misleading as to its source." Rogers, 875 F.2d at 999. Thus, the Court dismisses Plaintiffs' Lanham Act Claim (Count One).

## B. Unfair Competition Law Claim (Count Two)

When trademark and unfair competition claims are based on the same infringing conduct, courts apply the same analysis. See Toho Co. v. William Morrow & Co., 33 F. Supp. 2d 1206, 1210 (C.D. Cal. 1998) (determining that when federal trademark and unfair competition claims are based on the same infringing conduct, a court applies the same analysis); Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are substantially congruent to claims made under the Lanham Act.").

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 8 of 9

ER_10

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | March 23, 2022 |
|---|---|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

Plaintiffs' UCL claim is based on the same operative facts as their Lanham Act claim. Likewise, the UCL claim is entirely predicated on the Lanham Act violation. Thus, like the Lanham Act claim, the UCL claim is barred by the First Amendment pursuant to the Rogers test. See Twentieth Century Fox, 161 F. Supp. 3d at 910 (holding that the First Amendment barred both the plaintiffs' Lanham Act and UCL claims).

Thus, the Court dismisses Plaintiffs' UCL Claim (Count Two).

### C. Leave to Amend

A court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is properly denied, however, if amendment would be futile. See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010).

The Court declines to grant Plaintiffs leave to amend. Plaintiffs do not request leave to amend or identify what new allegations may save their claims. Further, they have already amended their allegations twice and all three versions of their complaint have relied on the same infringement claims that the Court has found to be barred by the First Amendment under Rogers. See Complaint, Dkt. 1; FAC, Dkt 11; SAC, Dkt. 50. Accordingly, the Court DENIES leave to amend.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion and **DENIES** leave to amend.

**IT IS SO ORDERED.**

Jonah A. Grossbardt (State Bar No. 283584)
Matthew L. Rollin (State Bar No. 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

John A. Squires (*Pro Hac Vice* Pending)
Spencer Dreier (*Pro Hac Vice*)
**Dilworth Paxson LLP**
99 Park Avenue
Suite 320
New York, NY 10016
917.675.4251 – Telephone
215.575.7200 – Facsimile
sdreier@dilworthlaw.com

Attorneys for Plaintiffs
Daniel E. Davis, Peter Conti,
and Gringo Holdings, LLC.

**SRIPLAW**
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL E. DAVIS, PETER CONTI, AND GRINGO HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE TONGUE FILMS, DENVER AND DELILAH PRODUCTIONS, A.J. DIX, NASH EDGERTON, EROS | **Case No.: 2:21-cv-02090-JVS (JDEx)**<br><br>**SECOND AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

INTERNATIONAL MEDIA, LTD., TRISH HOFFMAN, BETH KONO, MATTHEW STONE, ANTHONY TAMBAKIS, CHARLIZE THERON AND REBECCA YELDHAM,

Defendants.

Plaintiffs DANIEL E. DAVIS, PETER CONTI, AND GRINGO HOLDINGS, LLC, by and through their undersigned counsel, hereby Plaintiffs Daniel E. Davis, Peter Conti and Gringo Holdings, LLC, as and for their Second Amended Complaint herein, allege as follows:

**NATURE OF THE ACTION**

1. This is an action for violation of the Lanham Act, 15 U.S.C., § 1125 et seq., and for an unlawful business practice in violation of the California Business & Professional Code, § 17200 et seq.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and/or (b)(3).

**THE PARTIES**

4. Plaintiff Daniel E. Davis ("Davis") is an individual residing in the State of Wyoming. Davis is the co-author and subject of the book entitled "GRINGO" (the "Book").

5. Plaintiff Peter Conti ("Conti") is an individual residing in the State of California. Conti is a professional author and screenwriter and, along with Davis, is the co-author of the Book.

6. Plaintiff Gringo Holdings LLC ("Gringo Holdings") is a limited liability company wholly owned by Davis and Conti.

7. All of the property interests in the Book, including the copyright and trademark in its title, are owned jointly by Davis, Conti and Gringo Holdings.

8. Defendant Denver and Delilah Productions ("Denver and Delilah") is a film production company based in Beverly Hills, California. Denver and Delilah was a producer of a movie entitled "GRINGO" (the "Movie").

9. Defendant A. J. Dix ("Dix") is an individual who, upon information and belief, resides in Encino, California. Dix was a producer of the Movie.

10. Defendant EROS International Media Ltd., d/b/a EROS International ("EROS"), is a film production company listed on the New York Stock Exchange with its principal place of business in Mumbai, India. EROS is the successor in interest to STX Entertainment, Inc., a distributor of the Movie.

11. Defendant Trish Hofmann ("Hofmann") is an individual who, upon information and belief, resides in Los Angeles, California. Hofmann was an executive producer of the Movie.

12. Defendant Beth Kono ("Kono") is an individual who, upon information and belief, resides in Los Angeles, California. Kono is a principal of the Defendant Denver and Delilah and was herself a producer of the Movie.

13. Defendant Matthew Stone ("Stone") is an individual who, upon information and belief, resides in Glendale, California. Stone was an executive producer of the Movie.

14. Defendant Anthony Tambakis "(Tambakis") is an individual who, upon information and belief, resides in Venice, California. Tambakis was the principal screenwriter and a producer of the Movie.

15. Defendant Charlize Theron ("Theron") is an individual who, upon information and belief, resides in Beverly Hills, California. Theron is a principal of the Defendant Denver and Delilah and was herself a producer of the Movie.

16. Defendant Rebecca Yeldham ("Yeldham") is an individual who, upon information and belief, resides in Los Angeles, California. Yeldham was a producer of the Movie.

**THE FACTS**

17. The Book was published by Full Court Press in November 2016.

18. The Book is a first-hand account of Davis' 13 years as an American fugitive after fleeing to Mexico to avoid imprisonment on a conviction for distributing marijuana for which he was set-up by a "friend" who turned out to be an informant. Much of the Book focuses on Davis' challenges and adventures as an American adjusting to life on the run south of the border, where he is out of his element, while avoiding arrest by the federales and kidnapping by the cartels.

19. Upon the Book's publication, it quickly distinguished itself as an Amazon #1 Bestseller, and it remains a Bestseller on several Amazon lists to this day, including its audiobooks. The Book has been widely recognized with favorable reviews in major publications, including The New York Times, The Chicago Tribune, USA TODAY, the London Post, Kirkus Review, Manhattan Book Review, San Francisco Book Review, Portland Book Review and Seattle Book Review. The Book has also been recognized and favorably reviewed by more than 500 Amazon buyers, giving it a 4.3/5 rating.

20. Since the Book's publication, Davis has traveled worldwide to promote the Book and is regularly recognized in public by his readership as an author of the Book.

21. Defendants released the Movie in March 2018.

22. The Movie is a fictionalized account of an American who, like Davis, is on the run after being set-up by his "friends" for distributing marijuana and spends the Movie being kidnapped by a drug cartel, trying to avoid being killed and adjusting to life south of the border, where he is out of his element.

23. When production of the Movie began, in or about 2014, its "working" title was "American Express." However, after publication of the Book in November 2016, and before release of the Movie in March 2018, Defendants, without Plaintiffs' authorization, determined to change the title of the Movie to the same "GRINGO" title as the Book.

24. In Defendants' promotional materials for the Movie and on the title of the Movie itself, Defendants also printed the "GRINGO" Movie title in a similar font and in all capital letters that closely resembled the font and typeface of the "GRINGO" Book title, used the "GRINGO" Book title without any text or other adornments to the text of the title and paired the Movie's "GRINGO" title with a similar Amazon endorsement as appears beside the title of the Book. Defendants did the foregoing also without Plaintiffs' authorization.

25. Exemplars of the "GRINGO" Book cover and the Defendants' Movie poster appear below:

26. Upon information and belief, prior to changing the title of the Movie, each of the Defendants had become aware of the Book (either on their own initiative or upon information shared by the other Defendants), its thematic commonalities with the Movie and its commercial success as an Amazon Bestseller in the very same marketplace into which Defendants intended to primarily release the Movie into

interstate commerce as an "Amazon Original" movie via the "Amazon Prime Video" streaming service.

27. Upon information and belief, Defendants changed the title of the Movie to "GRINGO" with the actual and purposeful intention to deceive, mislead and cause confusion among consumers, and especially among the Amazon buyer class and consumers of media entertainment, as to the content and origin of the Movie and its association with the Book and/or sponsorship or endorsement by Davis, knowing that consumers would rely on the title of the Movie and the Movie's title in combination with its thematic commonalities to the Book to incorrectly assume that there was an association between the Movie and the Book and/or Davis.

28. Upon information and belief, Defendants intended to deceive consumers into associating the Movie with the Book in order to lure readers of the Book into the audience for the Movie by exploiting the goodwill, public recognition and commercial success enjoyed by the Book and, especially, to exploit its imprimatur as an Amazon Bestseller, in anticipation of releasing the Movie into interstate commerce as an "Amazon Original" movie via the "Amazon Prime Video" streaming service.

29. Upon information and belief, each of the Defendants, in their capacities as a producer, executive producer, screenwriter and/or distributor of the Movie, and in accordance with the customary responsibilities associated with those positions, participated in the decision to change the title of the Movie to "GRINGO" for the foregoing reasons known to and considered by each of the Defendants.

30. Defendants did release the Movie with the "GRINGO" title as an "Amazon Original" movie through the "Amazon Prime Video" streaming service, printed the Movie title in all capital letters (just as the title appeared on the cover of the Book in all capital letters) and in a font that closely resembled the font and typeface of the Book, used the "GRINGO" Book title without adding any text or other adornments to the text of the title and paired the Movie's title with an Amazon endorsement (as an "Amazon Original") just beside the title in a similar fashion to the

SRIPLAW
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

Amazon endorsement (as an "Amazon #1 Bestseller) on the Book cover just beside the title at the time of the Movie's release (as shown in the exemplars above in paragraph 25) – and thereby, as intended, did deceive, mislead and cause confusion among consumers as to the content and origin of the Movie and its relationship to the Book and/or Davis.

31. Since releasing the Movie, Defendants have perpetuated the likelihood of confusion and actual confusion among consumers as to the source of the Movie and its relationship to the Book by (a) causing the Movie to be widely distributed, with the "GRINGO" title, without the Plaintiffs' authorization, not only through Amazon Prime streaming services and other streaming and rental services but also in movie theaters and syndication through other digital platforms, including but not limited to vudo.com and Apple TV, and (b) causing the Movie to be widely advertised and promoted, with the "GRINGO" title, without Plaintiffs' authorization, on movie posters, billboards, streaming and rental service webpages and television and internet trailers and commercials. The fact that the Movie features prominent stars, including the defendant Theron, Amanda Seyfried and Joel Edgerton, has amplified the public's awareness of the Movie and thereby the extent of confusion among consumers as to its relationship to the Book.

32. As a result of the foregoing, in the years since Defendants' release of the Movie, there has continued to be widespread confusion among consumers generally, the Amazon media entertainment consumer class in particular, and within the film industry in particular as to the source of the Movie and its relationship to the Book.

33. The mistaken association among consumers between the Movie and the Book has been particularly damaging to Plaintiffs, because the Movie has been a critical failure: according to Rotten Tomatoes, it has scored a 40% favorability rating in reviews by professional movie critics and a 38% favorability rating in reviews by the public; it has scored a 6.10 out of 10 according to IMDB, which is owned and operated by Amazon. Many potential consumers of the Book who have seen the

SRIPLAW
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

SRIPLAW
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

Movie have foregone purchasing the Book, because they mistakenly believe they have already seen the story of the Book in the Movie and/or they found the Movie unappealing. Many potential consumers of the Book who have not seen the Movie have foregone purchasing the Book, because they heard and read reviews that the Movie was unappealing (or saw a trailer or advertisement for the Movie that they found unappealing) and mistakenly believe the Movie is an adaptation of the Book or is otherwise associated with the Book.

34. The critical failure of the Movie and the confusion among consumers as to its association with the Book has also damaged Conti's reputation as a co-author of the Book and an otherwise widely respected screenwriter.

35. This confusion among consumers created by Defendants' misappropriation of the "GRINGO" title for the Movie has also directly and materially interfered with Plaintiffs' attempts to sell the film rights to their Book. Third parties who actively showed interest in the film rights to the Book prior to the release of the Movie have indicated to Plaintiffs that they lost interest following the Movie's release, because they believed, expected consumers would believe and saw that consumers were believing that the Movie was already an adaptation of the Book, and Plaintiffs have been unable to revive that former interest.

**COUNT ONE**

**(Violation of the Lanham Act, 15 U.S.C. § 1125 et seq.)**

36. Plaintiffs repeat and reallege each of the allegations set forth above as if fully set forth herein.

37. Plaintiffs' use of the title "GRINGO" for their Book since its publication in 2016, along with the widespread promotion, sales and readership of the Book, the favorable reviews of the Book in nationally recognized publications and by Amazon customers, and the long-running appearance of the Book on Amazon bestseller lists, have imbued the "GRINGO" title with secondary meaning, particularly within the Amazon buyer class, such that a substantial segment of consumers, including Amazon

SRIPLAW
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

buyers, media entertainment consumers and potential consumers at large, associate the title with the Book and/or with Davis, as the Book's co-author and subject.

38. By reason of the foregoing, Plaintiffs have acquired a valid and protectable trademark in the title "GRINGO," and Plaintiffs have the right to enjoy their trademark in the title "GRINGO" and the property rights related thereto without infringement.

39. Defendants have subsequently used the "GRINGO" trademark as the title of their Movie, without Plaintiffs' authorization, and, upon information and belief, with the specific intent to deceive, mislead and cause confusion among consumers as to the content and origin of the Movie and its relationship to the Book and its author and subject in order to exploit for their benefit the goodwill, popularity and commercial success of the Book, particularly among Amazon media consumers.

40. Defendants' purposeful and unauthorized use of Plaintiffs' trademark in the title "GRINGO" as the title of their Movie has in fact caused a likelihood of confusion and actual confusion among a substantial number of consumers and continues to deceive, mislead and confuse consumers as to the source of the Movie and its relationship to the Book.

41. Defendants have purposefully and intentionally caused this likelihood of confusion among consumers and actual confusion among consumers and have purposefully and intentionally deceived and misled consumers as to the source of the Movie and its relationship to the Book by purposefully and intentionally using Plaintiffs' trademark in the very same way as Plaintiffs, i.e., (a) as the title of an expressive work in the entertainment sector, (b) as the title of a work marketed to, and in particular concentrated on, the Amazon media consumers, and (c) as the title of a work that refers to a protagonist who is a non-Hispanic American on the run and out of his element south of the border after being set up by his friends for distributing marijuana.

42. Defendants have further purposefully and intentionally caused a likelihood of confusion among consumers and actual confusion among consumers and have purposefully and intentionally deceived and misled consumers as to the source of the Movie and its relationship to the Book by, *inter alia,* purposefully and intentionally (a) releasing their Movie with the same title as the Book and a commonality of thematic elements shortly after publication of the Book, amid its recognition as an Amazon #1 Bestseller, (b) using the title "GRINGO" without any text or adornment, in the same all-capital letters and in a similar font as Plaintiffs used for the Book's title, (c) releasing and marketing the Movie as an "Amazon Original Movie" through Amazon's streaming service, while the Book was an Amazon #1 Bestseller and prominently marked as such, and (d) promoting and marketing the Movie primarily to the same and related media entertainment markets and concentering it on the Amazon class of media consumers while the Book was an Amazon #1 Bestseller.

43. Consumers of a movie with the same or a confusingly similar title to a recently published bestseller book, as is the case here, would ordinarily identify the source of the movie by the title itself where, as here, the title of the Book has acquired secondary meaning.

44. By reason of the foregoing, Defendants' use of "GRINGO" as the title of the Movie is explicitly misleading as to the source and/or content of the Movie.

45. As a direct result of the foregoing, Defendants have deprived Plaintiffs of the fair enjoyment of their trademark in the title "GRINGO" and the reputation and monetary value of the Book, including but not limited to lost goodwill, lost book sales and loss of opportunity to sell the film rights to the Book.

46. By reason of the foregoing, Defendants have infringed Plaintiffs' trademark in the title "GRINGO" in violation of the Lanham Act.

47. As a direct result of Defendants' violation of the Lanham Act, Plaintiffs have suffered substantial damages in an amount to be determined at trial but not less

SRIPLAW
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

than (a) the approximately $11 million in worldwide box office receipts obtained from the Movie, (b) Defendants' profits obtained from Amazon Prime Video syndication of the Movie and video sales of the Movie on various digital platforms and other formats, (c) Plaintiffs' lost profits from lost sales of the Book, (d) Plaintiffs' lost profits on their lost opportunity to sell the film rights to the Book, and (e) the monetary value of the harm to Plaintiff Conti's reputation.

**COUNT TWO**

**(Violation of California Business & Professional Code, § 17200 et seq.).**

48. Plaintiffs repeat and reallege each of the allegations set forth above as if fully set forth herein.

49. By reason of all of the foregoing, and insofar as Defendants have infringed Plaintiffs' trademark, Defendants have engaged in an unlawful business practice that, upon information and belief, has reached and affected consumers and businesses at large and California consumers and businesses in particular, in violation of Section 17200 et seq. of the California Business & Professional Code.

50. As a direct result of the Defendants' violation of Section 17200 et seq. of the California Business & Professional Code, Plaintiffs have suffered substantial damages in an amount to be determined at trial but not less than (a) the approximately $11 million in worldwide box office receipts obtained from the Movie, (b) Defendants' profits obtained from Amazon Prime Video syndication of the Movie and video sales of the Movie on various digital outlets and in other formats, (c) Plaintiffs' lost profits from lost sales of the Book and (d) Plaintiffs' lost profits on their lost opportunity to sell the film rights to the Book.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A. Damages in an amount to be determined at trial, including disgorgement of all profits derived from the Movie;

B. An order directing Defendants to provide an accounting of all revenues and profits derived from the Movie;

C. An order enjoining Defendants from continuing to use the "GRINGO" title and confiscating all copies of the Movie that use the "GRINGO" title;

D. Pre-judgement and post-judgment interest;

E. Costs and attorneys' fees; and

F. Such other and further relief as the Court deems just and proper.

DATED: January 24, 2022

Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**

JOHN A. SQUIRES (*Pro Hac Vice* Pending)
SPENCER DREIER (*Pro Hac Vice*)
**Dilworth Paxson LLP**

Attorneys for Plaintiffs Daniel E. Davis, Peter Conti, and Gringo Holdings, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss First Amended Complaint [32]**

Defendants Denver and Delilah Productions, A.J. Dix, Eros International Media, Ltd., Trish Hofmann, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, and Rebecca Yeldham (collectively, "Defendants")[1] move to dismiss Plaintiffs Daniel E. Davis, Peter Conti, and Gringo Holdings, LLC's (collectively, "Plaintiffs") First Amended Complaint ("FAC") (Dkt. 11) pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure. Mot., Dkt. 32. Plaintiffs oppose this motion. Opp'n, Dkt. 40. Defendants filed a reply. Dkt. 44.

For the following reasons, the Court **GRANTS** the motion with leave to amend. The Court finds that oral argument is not necessary on this motion.

## I. Background

The following allegations are from Plaintiffs' FAC (Dkt. 11).

Plaintiffs Davis and Conti are co-authors of the book entitled "GRINGO" (the "Book"), (FAC, Dkt. 11, ¶¶ 4–5), and Plaintiff Gringo Holdings is a limited liability company wholly owned by Davis (Id. ¶ 6). Plaintiffs jointly own the copyright to the Book and share in all property interests related to the Book. Id. ¶ 7.

---

[1] Defendants Blue-Tongue Films and Nash Edgerton have not yet been served with a copy of the summons and FAC. This motion was brought on behalf of all served Defendants. See Mot., Dkt. 32, at 1 n.1.

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 25 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date January 3, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

Plaintiffs' Book was published by Full Court Press in November 2016. Id. ¶ 19. The Book is a first-hand account of Davis' thirteen years as an American fugitive after fleeing to Mexico to avoid imprisonment on a drug conviction for distributing marijuana due to his being "set up" by a friend who turned out to be a cooperating witness-drug dealer. Id. ¶ 20. Much of the Book focuses on Davis' challenges and adventures as an American adjusting to life on the run in Mexico, where he is out of his element, while avoiding arrest by the federales and kidnaping by cartels. Id. Upon publication, the Book quickly became an Amazon number one bestseller. Id. ¶ 21. The Book and its audiobook remain bestsellers on several Amazon lists today. Id. The book also received highly favorable reviews in major publications, including, The New York Times, The Chicago Tribune, USA Today, MSNBC, the London Post, Kirkus Review, Manhattan Book Review, San Francisco Book Review, Portland Book Review, and Seattle Book Review. Id. ¶ 22. The Book was also favorably reviewed by more than five-hundred Amazon buyers, giving it a 4.3/5.0 rating. Id. Since its publication, Davis has regularly traveled to promote the Book and is regularly recognized in public by his readership as an author of the Book. Id. ¶ 23.

Defendants' Film was released in March 2018 with very significant advertising and highly recognizable actors, including Charlize Theron, Joel Edgerton and Amanda Seyfried. Id. ¶ 24. The Film' protagonist goes to Mexico to sell marijuana in a unique and "legal" pill form, and, as in the Book, the protagonist in the Film is on the run after being set-up by his "friends" for illegally distributing marijuana and spends the rest of the Film trying to avoid being kidnaped by a drug cartel and adjusting to life south of the border, where he is out of his element. Id. ¶ 25. Not coincidentally, Davis himself had gained notoriety for inventing and distributing a unique and legal ephedrine, or "speed," pill called "White Crosses." Id. The Film, released about 16 months after publication of the Book, has the same title as the Book. Id. ¶ 26. When production of the Film began in or about 2014, its "working," title was "American Express." However, by the time the Film was released on March 9, 2018, after publication of the Book, the title of the Film had been changed to "GRINGO," with a somewhat distressed font all in capital letters that closely resembled the font and typeface of the Book. Id. Defendants used the "GRINGO" title on movie posters, television and internet trailers, billboards and movie theater marquees, and on Amazon Prime and other streaming and rental service webpages for rent and purchase. Id. ¶ 28.

Before Defendants changed the Film's title, they became aware of the Book, the

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 2 of 11
**ER_25**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 26 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date January 3, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

similarities in its theme, and its commercial success on Amazon because it was prominently identified on Amazon as an Amazon Bestseller in the very same marketplace that the Film would be primarily released as an "Amazon Original" movie. Id. ¶ 29. Defendants exploited the public recognition and commercial success of the Book and its imprimatur as an Amazon Bestseller by changing the title of the Film to "GRINGO" in anticipation of its distribution on Amazon Prime Video. Id. ¶ 30. Defendants distributed the Film widely and internationally via Amazon Prime Video streaming service and in movie theaters concurrently with its release, and later syndicated it through other digital platforms, including, among others, Vudu.com and Apple TV. Id. ¶ 31.

Since the Film's release, there has been widespread confusion among the public and in the film industry as to the relationship between the Book and the Film and the source of the film, and many have mistakenly assumed that the Film is an adaptation of the Book. Id. ¶ 32. The Film created public confusion that has directly and materially interfered with Plaintiffs' attempts to sell the film rights to their Book. Id. ¶ 33. For example, third parties who actively showed interest in the film rights to the Book prior to the Film's release explained to Plaintiffs that they lost interest following the Film's release because they had believed and thought consumers would believe that the Film was the adaptation of the Book. Id. Plaintiffs have been unable to revive their former interest. Id. Further, sales of the Book have suffered as a result of the confusion between the Film and the Book. Id. ¶ 34. For example, some people saw the Film and then did not purchase the Book because they mistakenly believed they had already seen the story in the Film. Id. Moreover, the Film has been a critical failure. Id. ¶ 35. Thus, potential buyers of the Book who believed that the Film and Book told the same story, disliked the Film and accordingly eschewed the Book. Id.

Plaintiffs allege in their FAC that Defendants violated the Lanham Act and California's unfair competition law by titling the Film "GRINGO" without Plaintiffs' authorization. Id. ¶¶ 36–51.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 3 of 11

ER_26

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 27 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date January 3, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. Discussion

### A. Request for Judicial Notice

Before turning the motions to dismiss, the Court must also address the scope of evidence that is permissible to consider at this stage. In general, a district court may not consider material beyond the pleadings when evaluating a Rule 12(b)(6) motion without treating it as a motion for summary judgment, with two exceptions. See Fed. R. Civ. P. 12(b)(6); Chavez, 683 F.3d at 1108. First, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). Second, "a court may consider material which is properly submitted as part of the complaint." Lee, 250 F.3d at 688. The incorporation by reference doctrine also applies to documents that are not physically attached to the complaint if the authenticity is not contested and the complaint necessarily relies on them. Id. "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018).

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 4 of 11

**ER_27**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 28 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
|---|---|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

In conjunction with the motions to dismiss, Defendants request that the Court take judicial notice of a total of eighteen documents. See

*1. Exhibits 1 and 2*

Exhibit 1 is the Book, (Request for Judicial Notice ("RJN"), Dkt. 32-2, Ex. 1), and Exhibit 2 is the Film, (RJN Ex. 2). The FAC refers to and relies upon both the Book and the Movie as a basis for its claims. While these materials were not physically attached to the FAC, the FAC necessarily relies on them and their authenticity is not contested. Thus, the Court considers these materials in accordance with the incorporation by reference doctrine. See Brown v. Elec. Arts, Inc., 724 F.3d 1235, 1248 n.7 (explaining that "[t]he district court properly considered [] versions of [the allegedly infringing video game]" in dismissing a Lanham Act claim).

*2. Exhibits 3–8*

Exhibits 3 through 8 are books and movies with similar themes and titles as Plaintiffs' Book listed on Amazon.com. RJN Exs. 3–8. "While publicly-accessible websites are sometimes reliable enough to be the proper subject of judicial notice, not all such websites satisfy the [judicial notice] standard." Thomas v. Costco Wholesale Corp., 2021 WL 948801, at *1 (S.D. Cal. March 12, 2021). The Court declines to take judicial notice of these exhibits because they are not relevant to the Court's determination that the FAC should be dismissed.

## B. Whether Plaintiffs Have Alleged A Valid, Protectable Mark

To show trademark infringement under the Lanham Act, the plaintiff must show that (1) the plaintiff owns a valid trademark; (2) the defendant is using the plaintiff's trademark without the plaintiff's authorization; and (3) the defendant's use of the trademark likely confuses consumers. Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007) (citing Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1047, 1053 (9th Cir. 1999)).

Defendants argue that Plaintiffs' Lanham Act claim fails because they have not adequately alleged that they have a "valid, protectable trademark" in the word

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 5 of 11

**ER_28**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 29 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
|---|---|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

"GRINGO." Mot., Dkt. 32, at 8 (citing Reflex Media, Inc. v. Pilgrim Studios, Inc., 2018 WL 6566561, at *5 (C.D. Cal. Aug. 27, 2018)).

The title of a single creative work, like a book or movie, can not be registered as a trademark. See Dr. Seuss Enters., L.P. v. ComicMix LLC, 300 F. Supp. 3d 1073, 1084 (S.D. Cal. 2017) (citing 1 Anne Gilson LaLonde, Gilson on Trademarks § 2.08 (Matthew Bender 2017 ed.)). This is because, in general, book titles are considered descriptive. Fierce, Inc. v. Franklin Covey Co., 2019 WL 1453573, at *6 (W.D. Wash. April 2, 2019). Nevertheless, a single book's title may be protected under section 43(a) of the Lanham Act upon a showing of secondary meaning. Rogers v. Grimaldi, 875 F.2d 994, 997–98 (2d Cir. 1989).

A book title acquires secondary meaning when the title "is sufficiently well known that consumers associate it with a particular author's work." Id. "The test of secondary meaning for literary titles is essentially one of determining whether, in the minds of a significant number of people, the title in question is associated with a single source of the literary work." 2 McCarthy § 10:10.

Here, Plaintiffs have sufficiently alleged secondary meaning. Plaintiffs allege that "the public, the film industry, consumers and (by virtue of the Books status as a #1 Amazon Best Seller) the entire 'Amazon buyer class' . . . associate the title 'GRINGO' with the Book and/or Davis." Opp'n, Dkt. 40, at 5 (citing FAC ¶¶ 20, 22, 27–29, 31–32, 39–43). Plaintiffs further allege that the Book's title has acquired secondary meaning via "reviews of the Book in nationally recognized publications, the widespread readership of the Book and its long running appearance on bestseller lists." FAC ¶ 40. Accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff has sufficiently pleaded secondary meaning.

### C. Whether Plaintiffs' Lanham Act and UCL Claims are Barred by the First Amendment Under the Rogers Test

#### *1. The Rogers Test*

While trademark infringement claims under the Lanham Act are generally governed by a "likelihood-of-confusion" test, when the alllegedly infringing use is in the title of an expressive work, the Ninth Circuit "ha[s] adopted the Second Circuit's Rogers

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 6 of 11

**ER_29**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 30 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date January 3, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

test to strike an appropriate balance between First Amendment interests in protecting artistic expression and the Lanham Act's purposes to secure trademark rights." Gordon v. Drape Creative, Inc., 909 F.3d 257, 264 (9th Cir. 2018) (citing Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 900 (9th Cir. 2002)). Under Rogers, the Court reads the Lanham Act "to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression." Id. (quoting Mattel, 296 F.3d at 901).

Under the Rogers test, the defendant must show "that its allegedly infringing use is part of an expressive work protected by the First Amendment. Id. If the defendant makes that showing, plaintiff must then satisfy both the likelihood-of-confusion test and at least one of Rogers's two prongs. Id. In other words, "when the defendant demonstrates that First Amendment interests are at stake, the plaintiff claiming infringement must show not only (1) that it has a valid, protectable trademark, and (2) that the defendant's use of the mark is likely to cause confusion, but also (3) that the mark is either not artistically relevant to the underlying work or explicitly misleads consumers as to the source or content of the work." Id.

*2. Whether the Rogers Test Applies to Defendants' Use of "GRINGO"*

Here, the Film itself is an expressive work. See Rogers, 875 F.2d at 997 ("Movies, plays, and songs are all indisputably works of artistic expression and deserve protection."). So too are the trailer and other efforts to advertise, promote, and market the Film as those are mere extensions of the use of a mark in the original expressive work. See Twentieth Century Fox TV v. Empire Distrib., Inc., 875 F.3d 1192, 1196–97 (9th Cir. 2017) (holding that "works protected under [Rogers] may be advertised and marketed by name.").

Plaintiffs argue that the Rogers test does not apply because it does not apply to cases of two confusingly similar titles in two expressive works. Opp'n, Dkt. 40, at 10. In support of this argument, Plaintiffs point to a footnote in Rogers stating that its "limiting construction would not apply to misleading titles that are confusingly similar to other titles [because the] public interest in sparing consumers this type of confusion outweighs the slight public interest in permitting authors to use such titles." 875 F.2d at 999 n.5. But, the Ninth Circuit squarely addressed this Rogers footnote issue in Twentieth Century Fox Television and held that "the exception the footnote suggests may be ill-advised or

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 7 of 11

**ER_30**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 31 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
|---|---|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

unnecessary" because "identifying 'misleading titles that are confusingly similar to other titles' has the potential to duplicate either the likelihood-of-confusion test or the second prong of Rogers which asks whether a title 'explicitly misleads as to the source or the content of the work.'' 875 F.3d at 1192. "More importantly," the Twentieth Century court explained, that exception would "conflict[] with [Ninth Circuit] precedents which dictate that we apply the Rogers test in Lanham Act § 43(a) cases involving expressive works." Id. (internal citations omitted).

Plaintiffs dismiss Twentieth Century's rejection of the Rogers footnote as "dicta" and urge the Court to acknowledge the exception for confusingly similar titles. Opp'n, Dkt. 40, at 12. However, Twentieth Century's determination that Rogers still applies to expressive works with "confusingly similar titles," was fundamental to its ultimate holding that the First Amendment applied in that case. 875 F.3d at 1192–1199. Thus, Twentieth Century's rejection of the footnote's exception is not dicta, but rather binding reasoning that is necessary to its holding. See Export Group v. Reef Indus., Inc. 54 F.3d 1466, 1473 (9th Cir. 1995) (explaining that statements that are not necessary to a court's decision are dicta and thus not binding precedent); see also 18 Moore's Federal Practice - Civil § 134.03 ("One way to distinguish between dictum and the reasoning necessary to the holding is to ask whether the statement in question could be deleted without impairing the basis of the court's decision."). Further, even if this explanation were dicta, it is well-reasoned and thus still precedential in the Ninth Circuit. See Enying Li v. Holder, 738 F.3d 1160, 1164 n.2 (9th Cir. 2013) (citing United States v. Johnson, 256 F.3d 895, 914 (9th Cir. 2001) (en banc)) (noting that "[w]ell-reasoned dicta is the law of the [Ninth] [C]ircuit").

Moreover, if any doubt remained as to whether Rogers applied to confusingly similar titles, the Ninth Circuit applied Rogers to such works just last year in Dr. Seuss Enters. v. ComicMix LLC, 983 F.3d 443, 461–63 (9th Cir. 2020). Plaintiffs again as this Court to ignore the Ninth Circuit because (1) it did not explicitly address whether Rogers applied to confusingly similar titles because Rogers's application was not put at issue (Opp'n, Dkt. 40, at 12) and (2) it would be "inappropriate" to apply Rogers in a case in which a plaintiff has alleged intent to confuse consumers (id. at 15, 22). The Court disagrees. It is clear from Twentieth Century and Dr. Seuss that Rogers applies to expressive works, even when they have confusingly similar titles. Further, Plaintiff's second point does not speak to the applicability of Rogers but instead is addressed by the

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 8 of 11

**ER_31**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 32 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date January 3, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

test's second prong regarding whether the work explicitly misleads consumers as to its source or content.

For these reasons, the Court finds that Rogers applies to the present dispute.

*3. Whether Plaintiffs Have Met Their Burden under the Rogers Test*

Plaintiffs do not have an actionable Lanham Act claim under Rogers unless they have adequately pled that Defendants' use of the mark is either "(1) not artistically relevant to the underlying work or (2) explicitly misleads consumers as to the source or content of the work." Dr. Seuss Enters., 983 F.3d at 462 (internal quotation omitted).

"As to the first prong, any artistic relevance 'above zero' means the Lanham Act does not apply unless the use of the trademark is explicitly misleading." Id. (citing Twentieth Century Fox, 875 F.3d at 1198). "'[E]ven the slightest artistic relevance' is enough" Id. (quoting Brown, 724 F.3d 1235, 1245 (9th Cir. 2013)). Here, the FAC does not allege and Plaintiffs do not dispute that the Film's title "has no artistic relevant" to the Movie. The word "GRINGO" refers to an English-speaking foreigner in Spain or Latin America. See, e.g., Merriam-Webster's Collegiate Dictionary (11th ed. 2003) at 550 (defining "gringo" as "a foreigner in Spain or Latin America esp. when of English or American origin; *broadly*: a non-Hispanic person"). The Film uses this term to describe its protagonist, an English-speaking, non-Hispanic man working for United States-based company who travels to Mexico. Thus, the Film's use of "GRINGO" is artistically relevant to the work and thus satisfies the first prong of the Rogers test.

The second prong regarding whether the use is "explicitly misleading" is a "high bar that requires the use to be 'an explicit indication, overt claim, or explicit misstatement about the source of the work." Dr. Seuss Enters., 983 F.3d at 462 (quoting Brown, 724 F.3d at 1245). In Dr. Seuss, the Ninth Circuit held that a book was not "explicitly misleading as to its source [being Dr. Seuss]" despite having a "Seussian font in the cover, [a] Seussian style of illustrations, and even a title that adds just one word . . . to [a] famous [Dr. Seuss] title." Id. (explaining that a work "is not *explicitly* misleading" even if it "*implicitly* suggest[s] endorsement or sponsorship") (emphasis in original). Here, the FAC attempts to allege deception based on allegations that Defendants: (1) the Film had the "same title" and "thematic element" of the Book (FAC ¶ 44); (2) used a "very similar" font to the Book (id. ¶ 26); and (3) distributed and promoted the Film as an

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 9 of 11

**ER_32**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 33 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02090-JVS (JDEx) | Date | January 3, 2022 |
|---|---|---|---|
| Title | Daniel E. Davis et al. v. Amazon.com, Inc. et al. | | |

"Amazon Original" via the Amazon Prime Video streaming service when the Book was also marketed and sold on Amazon.com (id. ¶¶ 42–43). These allegations are even less compelling than the allegations that Dr. Seuss found insufficient. Likewise, none of these allegations amount to an "explicit indication, overt claim, or explicit misstatement" that the source of the Film was Plaintiffs' book.

"[T]he mere use of a trademark alone" does not necessarily "suffice to make such use explicitly misleading." Gordon v. Drape Creative, Inc., 909 F.3d 257, 270 (9th Cir. 2018) (internal quotation omitted). However, this is not the case when consumers would expect the use of the mark alone to identify the source. So, "two 'more relevant consideration[s]' weigh in evaluating whether the mark is explicitly misleading: (1) 'the degree to which the junior user uses the mark in the same way as the senior user' and (2) 'the extent to which the junior user has added his or her own expressive content to the work beyond the mark itself.' Dr. Seuss, 983 F.3d at 462–63 (quoting Gordon, 909 F.3d at 270–71). In Gordon, a case "demonstrat[ing] Rogers' outer limits," the Ninth Circuit held that there was a triable issue as to the second prong. Gordon, 909 F.3d at 268. That case involved a registered trademark for, among other things, defendant's popular tagline, "Honey Badger Don't Care." The defendant created greeting cards featuring a honey badger and defendant's tagline. Id. 260–62.

Unlike Gordon, this case does not test Rogers's "outer limits." As Defendants explain, "[u]nlike Gordon's use of two unique catchphrases (one of which was trademarked), Plaintiffs seek to challenge the use of an *untrademarked* word." Reply, Dkt. 44, at 10. Further, Defendants' film tells a different story than the Book and thus adds expressive content to the work. And, despite Plaintiffs' assertion that Defendants' "pasted [Plaintiffs'] mark onto the Movie," the covers of the works are far from identical. See Opp'n, Dkt. 40, at 19. The Film features different art, does not include the Book's subtitle, different font, and generally does not look the same. Thus, Plaintiffs have not alleged that the Film is explicitly misleading as to its source.

For these reasons, the Court finds that Defendants' use of "GRINGO" is protected by the First Amendment under Rogers and Plaintiffs have failed to allege sufficient facts to make out a plausible claim that survives that test.

## IV. CONCLUSION

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 10 of 11

**ER_33**

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 34 of 48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 2:21-cv-02090-JVS (JDEx) Date January 3, 2022

Title Daniel E. Davis et al. v. Amazon.com, Inc. et al.

For the foregoing reasons, the Court **GRANTS** the motion with leave to amend.

**IT IS SO ORDERED.**

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 11 of 11

**ER_34**

Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, CA 90211
323.364.6565 – Telephone
323.452.5600 – Telephone
561.404.4350 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiffs DANIEL E. DAVIS, PETER CONTI, AND GRINGO HOLDINGS, LLC

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

DANIEL E. DAVIS, PETER CONTI, AND GRINGO HOLDINGS, LLC,

Plaintiffs,

v.

DENVER AND DELILAH PRODUCTIONS, EROS INTERNATIONAL MEDIA LTD., A.J. DIX, BETH KONO, MATTHEW STONE, ANTHONY TAMBAKIS, CHARLIZE THERON, REBECCA YELDHAM, AND TRISH HOFFMAN.

Defendants.

CASE NO.: 2:21-cv-02090-JVS (JDEx)

**NOTICE OF APPEAL**

Notice is hereby given that DANIEL E. DAVIS, PETER CONTI, AND GRINGO HOLDINGS, LLC, the Plaintiffs in the above-named case, hereby appeal

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

to the **United States Court of Appeals for the Ninth Circuit** from the Order Regarding Motion to Dismiss Second Amended Complaint (ECF 57) entered in this action on the 23rd day of March, 2022.

DATED: April 22, 2022

Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
Attorneys for Plaintiffs Daniel E. Davis, Peter Conti, and Gringo Holdings, LLC

Query Reports Utilities Help Log Out

(JDEx),APPEAL,CLOSED,DISCOVERY,MANADR

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:21-cv-02090-JVS-JDE**

Daniel Davis et al v. Amazon.com, Inc. et al
Assigned to: Judge James V. Selna
Referred to: Magistrate Judge John D. Early
Case in other court: 9th CCA, 22-55416
Cause: 15:1051 Trademark Infringement

Date Filed: 03/05/2021
Date Terminated: 03/23/2022
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Daniel E. Davis** represented by **Matthew Laurence Rollin**
SRipLaw
8730 Wilshire Boulevard Suite 350
Beverly Hills, CA 90211
323-364-6565
Fax: 561-404-4353
Email: Matthew.rollin@sriplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonah Adam Grossbardt**
SRIPLAW
8730 Wilshire Boulevard Suite 350
Beverly Hills, CA 90211
323-364-6565
Fax: 561-404-4353
Email: jonah.grossbardt@sriplaw.com
*ATTORNEY TO BE NOTICED*

**Spencer Dreier**
Wachtel Missry LLP
885 Second Avenue
New York, NY 10017
212-909-9522
Email: sdreier@wmllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Peter Conti** represented by **Matthew Laurence Rollin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonah Adam Grossbardt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Spencer Dreier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gringo Holdings, LLC** represented by **Matthew Laurence Rollin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonah Adam Grossbardt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Spencer Dreier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amazon.com, Inc.**
*TERMINATED: 06/15/2021*

**Defendant**

**Amazon Studios, LLC**
*TERMINATED: 06/15/2021*
*doing business as*
Amazon Studios
*TERMINATED: 06/15/2021*

**Defendant**

**Blue Tongue Films**

**Defendant**

**Denver and Delilah Productions** represented by **Moez M Kaba**
Hueston Hennigan LLP
523 West Sixth Street Suite 400
Los Angeles, CA 90014
213-788-4340
Fax: 888-755-0898
Email: mkaba@hueston.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
Hueston Hennigan LLP
523 West 6th Street Suite 400
Los Angeles, CA 90014
213-788-4340
Fax: 888-775-0898
Email: gzhang@hueston.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**A. J. Dix** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nash Edgerton**

**Defendant**

**Eros International Media LTD.** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trish Hoffman** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Beth Kono** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Stone** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Tambakis** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charlize Theron** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rebecca Yeldham** represented by **Moez M Kaba**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace W. Zhang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mediator (ADR Panel)**

**John R Sommer** represented by **John R Sommer**
John Sommer Law Offices
17853 Santiago Boulevard Suite 107-160
Villa Park, CA 92861

949-752-5344
Fax: 949-752-5439
Email: sommer@sommer.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/05/2021 | 1 | COMPLAINT against Defendants Amazon Studios, LLC, Amazon.com, Inc., Blue Tongue Films, Denver and Delilah Productions, A. J. Dix, Nash Edgerton, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham.Case assigned to Judge James V. Selna for all further proceedings. Discovery referred to Magistrate Judge John D. Early. (Filing Fee $402 PAID) Jury Demanded, filed by Plaintiffs Peter Conti, Daniel E. Davis. (Attachments: # 1 Civil Cover Sheet) (lh) (Entered: 03/09/2021) |
| 03/05/2021 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Daniel E. Davis, (lh) (Entered: 03/09/2021) |
| 03/05/2021 | 3 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Peter Conti, (lh) (Entered: 03/09/2021) |
| 03/09/2021 | 4 | NOTICE OF ASSIGNMENT to District Judge James V. Selna and Magistrate Judge John D. Early. (lh) (Entered: 03/09/2021) |
| 03/09/2021 | 5 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (lh) (Entered: 03/09/2021) |
| 03/09/2021 | 6 | NOTICE TO COUNSEL RE: Copyright, Patent and Trademark Reporting Requirements. Counsel shall file the appropriate AO-120 and/or AO-121 form with the Clerk within 10 days. (Attachments: # 1 AO-120) (lh) (Entered: 03/09/2021) |
| 03/10/2021 | 7 | INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE JAMES V. SELNA. (kdu) (Entered: 03/10/2021) |
| 04/01/2021 | 8 | Order Setting Rule 26(f) Scheduling Conference for 6/7/2021 at 10:00 am before Judge James V. Selna. Counsel shall file the Joint Rule 26 Meeting Report, with the completed Exhibit A, by 6/1/2021. (lb) (Entered: 04/01/2021) |
| 06/02/2021 | 9 | MINUTE ORDER [IN CHAMBERS] ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION by Judge James V. Selna: The Court, on its own motion, hereby ORDERS plaintiff(s) to Show Cause (OSC) in writing no later than June 15, 2021, why this action should not be dismissed for lack of prosecution. As an alternative to a written response by plaintiff(s), the Court will consider the filing of one of the following, as an appropriate response to this OSC, on or before the above date: (see document for further details) (bm) (Entered: 06/02/2021) |
| 06/15/2021 | 10 | NOTICE of Appearance filed by attorney Jonah Adam Grossbardt on behalf of Plaintiffs Peter Conti, Daniel E. Davis (Attorney Jonah Adam Grossbardt added to party Peter Conti(pty:pla), Attorney Jonah Adam Grossbardt added to party Daniel E. Davis(pty:pla))(Grossbardt, Jonah) (Entered: 06/15/2021) |
| 06/15/2021 | 11 | FIRST AMENDED COMPLAINT against Defendants Blue Tongue Films, Denver and Delilah Productions, A. J. Dix, Nash Edgerton, Eros International Media LTD., Trish |

| | | |
|---|---|---|
| | | Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham amending Complaint - (Discovery),, 1 , filed by Plaintiff Peter Conti, Daniel E. Davis(Grossbardt, Jonah) (Entered: 06/15/2021) |
| 06/15/2021 | 12 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC (Grossbardt, Jonah) (Entered: 06/15/2021) |
| 06/15/2021 | 13 | NOTICE of Interested Parties filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC, (Attorney Jonah Adam Grossbardt added to party Gringo Holdings, LLC(pty:pla))(Grossbardt, Jonah) (Entered: 06/15/2021) |
| 06/15/2021 | 14 | EX PARTE APPLICATION for Extension of Time to File Proof of Service of Summons and Complaint filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Attachments: # 1 Memorandum, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order) (Grossbardt, Jonah) (Entered: 06/15/2021) |
| 06/16/2021 | 15 | NOTICE of Errata filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Attachments: # 1 Exhibit 1)(Grossbardt, Jonah) (Entered: 06/16/2021) |
| 06/16/2021 | 16 | ORDER by Judge James V. Selna: The court, having considered the Ex Parte Motion and having found good cause or excusable neglect, therefore hereby ORDERS that the motion is GRANTED and Plaintiffs have an additional 45 days from the issuance of this Order to serve the Summons and Amended Complaint on all Defendants. Scheduling Conference set for August 9, 2021 at 10:30 a.m. is continued to August 30, 2021 at 10:30 a.m. 14 (es) (Entered: 06/16/2021) |
| 06/22/2021 | 17 | [IN CHAMBERS] Text Only Entry: Order to Show Cause issued 6/2/2021 is ORDERED DISCHARGED. It is the plaintiff's responsibility to diligently prosecute this matter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (lb) TEXT ONLY ENTRY (Entered: 06/22/2021) |
| 06/24/2021 | 18 | Request for Clerk to Issue Summons on Amended Complaint/Petition, 11 filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Attachments: # 1 Summons to Denver and Delilah, # 2 Summons to Eros Int., # 3 Summons to A.J. Dix, # 4 Summons to Nash Edgerton, # 5 Summons to Beth Kono, # 6 Summons to Matthew Stone, # 7 Summons to Anthony Tambakis, # 8 Summons to Charlize Theron, # 9 Summons to Rebecca Yeldham)(Grossbardt, Jonah) (Entered: 06/24/2021) |
| 06/25/2021 | 19 | 21 DAY Summons Issued re Amended Complaint/Petition, 11 as to Defendant(s) Blue Tongue Films, Denver and Delilah Productions, A. J. Dix, Nash Edgerton, Eros International Media LTD., Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham. (es) (Entered: 06/25/2021) |
| 07/19/2021 | 20 | PROOF OF SERVICE Executed by Plaintiff Peter Conti, Gringo Holdings, LLC, Daniel E. Davis, upon Defendant A. J. Dix served on 7/1/2021, answer due 7/22/2021. Service of the Summons and Complaint were executed upon A.J. Dix in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Grossbardt, Jonah) (Entered: 07/19/2021) |
| 07/19/2021 | 21 | PROOF OF SERVICE Executed by Plaintiff Peter Conti, Gringo Holdings, LLC, Daniel E. Davis, upon Defendant Matthew Stone served on 7/3/2021, answer due 7/26/2021. Service of the Summons and Complaint were executed upon Matthew Stone in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Grossbardt, Jonah) (Entered: 07/19/2021) |

| | | |
|---|---|---|
| 07/19/2021 | 22 | PROOF OF SERVICE Executed by Plaintiff Peter Conti, Gringo Holdings, LLC, Daniel E. Davis, upon Defendant Denver and Delilah Productions served on 6/30/2021, answer due 7/21/2021. Service of the Summons and Complaint were executed upon Celina Charles, authorized agent of Denver and Delilah Productions in compliance with California Code of Civil Procedure by substituted service at business address and by also mailing a copy.Original Summons returned. (Grossbardt, Jonah) (Entered: 07/19/2021) |
| 07/19/2021 | 23 | PROOF OF SERVICE Executed by Plaintiff Peter Conti, Gringo Holdings, LLC, Daniel E. Davis, upon Defendant Charlize Theron served on 7/2/2021, answer due 7/23/2021. Service of the Summons and Complaint were executed upon Carl Williams, Administrative Assistant to Charlize Theron in compliance with Federal Rules of Civil Procedure by substituted service at home address and by also mailing a copy.Original Summons returned. (Grossbardt, Jonah) (Entered: 07/19/2021) |
| 07/20/2021 | 24 | PROOF OF SERVICE Executed by Plaintiff Peter Conti, Gringo Holdings, LLC, Daniel E. Davis, upon Defendant Eros International Media LTD. served on 6/29/2021, answer due 7/20/2021. Service of the Summons and Complaint were executed upon Dolly Kaur, Person Authorized to Accept Service for Eros International Media, Ltd. in compliance with Federal Rules of Civil Procedure by personal service.Original Summons NOT returned. (Grossbardt, Jonah) (Entered: 07/20/2021) |
| 07/21/2021 | 25 | APPLICATION of Non-Resident Attorney Spencer Dreier to Appear Pro Hac Vice on behalf of Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. BCACDC-31666811) filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Attachments: # 1 Certificate of Good Standing) (Grossbardt, Jonah) (Entered: 07/21/2021) |
| 07/21/2021 | 26 | NOTICE OF LODGING filed re APPLICATION of Non-Resident Attorney Spencer Dreier to Appear Pro Hac Vice on behalf of Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. BCACDC-31666811) 25 (Attachments: # 1 Proposed Order for Pro Hac Vice Application for Spencer Dreier)(Grossbardt, Jonah) (Entered: 07/21/2021) |
| 07/22/2021 | 27 | WAIVER OF SERVICE Returned Executed filed by Plaintiffs Peter Conti, Gringo Holdings, LLC, Daniel E. Davis. upon Denver and Delilah Productions waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; A. J. Dix waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; Eros International Media LTD. waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; Trish Hoffman waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; Beth Kono waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; Matthew Stone waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; Anthony Tambakis waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; Charlize Theron waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021; Rebecca Yeldham waiver sent by Plaintiff on 7/20/2021, answer due 9/20/2021. Waiver of Service signed by Moez M. Kaba, Attorney. (Attachments: # 1 Waiver of Service - AJ Dix, # 2 Waiver of Service - Anthony Tambakis, # 3 Waiver of Service - Beth Kono, # 4 Waiver of Service - Charlize Theron, # 5 Waiver of Service - D&D, # 6 Waiver of Service - Eros, # 7 Waiver of Service - Matthew Stone, # 8 Waiver of Service - Rebecca Yeldham)(Grossbardt, Jonah) (Entered: 07/22/2021) |
| 07/22/2021 | 28 | Notice of Appearance or Withdrawal of Counsel: for attorney Moez M Kaba counsel for Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, |

| | | |
|---|---|---|
| | | Rebecca Yeldham. Adding Moez M. Kaba as counsel of record for Defendants D&D Filmed Productions, Inc. (erroneously named as "Denver and Delilah Productions"); A.J. Dix; Eros International Media, Ltd.; Trish Hofmann (erroneously named as "Trish Hoffman"); Beth Kono; Matthew Stone; Anthony Tambakis; Charlize Theron; and Rebecca Yeldham for the reason indicated in the G-123 Notice. Filed by Defendants Defendants D&D Filmed Productions, Inc. (erroneously named as "Denver and Delilah Productions"); A.J. Dix; Eros International Media, Ltd.; Trish Hofmann (erroneously named as "Trish Hoffman"); Beth Kono; Matthew Stone; Anthony Tambakis; Charlize Theron; and Rebecca Yeldham. (Attorney Moez M Kaba added to party Denver and Delilah Productions(pty:dft), Attorney Moez M Kaba added to party A. J. Dix(pty:dft), Attorney Moez M Kaba added to party Eros International Media LTD.(pty:dft), Attorney Moez M Kaba added to party Trish Hoffman(pty:dft), Attorney Moez M Kaba added to party Beth Kono(pty:dft), Attorney Moez M Kaba added to party Matthew Stone(pty:dft), Attorney Moez M Kaba added to party Anthony Tambakis(pty:dft), Attorney Moez M Kaba added to party Charlize Theron(pty:dft), Attorney Moez M Kaba added to party Rebecca Yeldham(pty:dft))(Kaba, Moez) (Entered: 07/22/2021) |
| 07/30/2021 | 29 | ORDER by Judge James V. Selna: Granting 25 Non-Resident Attorney Spencer Dreier APPLICATION to Appear Pro Hac Vice on behalf of Plaintiff(s) Daniel E. Davis, Peter Conti and Gringo Holdings, LLC, designating Jonah A. Grossbardt as local counsel. (es) (Entered: 07/30/2021) |
| 08/23/2021 | 30 | Joint STIPULATION to Continue Scheduling Conference from August 30, 2021 to November 22, 2021 Re: Order on Motion for Extension of Time to File, 16 filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Attachments: # 1 Proposed Order)(Grossbardt, Jonah) (Entered: 08/23/2021) |
| 08/25/2021 | 31 | ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND SETTING MOTION HEARING DATE, 30 by Judge James V. Selna. IT IS SO ORDERED that: Defendants shall file and serve an Answer or a Motion under Rule 12 by September 20, 2021. The Scheduling Conference is continued to 11/22/2021 at 10:30 a.m. Any Rule 12 Motion will also be heard on 11/22/2021. The parties shall serve their Rule 26(a) disclosures on December 6, 2021, unless any motion to dismiss has been granted or Plaintiffs file an amended complaint, in which case the parties shall meet and confer regarding a new date as appropriate. [See document for further details.] (es) (Entered: 08/25/2021) |
| 09/20/2021 | 32 | NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint filed by Served Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham. Motion set for hearing on 11/22/2021 at 10:30 AM before Judge James V. Selna. (Attachments: # 1 Declaration of Moez M. Kaba, # 2 Request for Judicial Notice, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Notice of Lodging) (Kaba, Moez) (Entered: 09/20/2021) |
| 09/21/2021 | 33 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint 32 . The following error(s) was/were found: Local Rule 7.1-1 No Notice of Interested Parties and/or no copies. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (es) (Entered: 09/21/2021) |

| | | |
|---|---|---|
| 09/22/2021 | 34 | CORPORATE DISCLOSURE STATEMENT filed by Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham (Kaba, Moez) (Entered: 09/22/2021) |
| 09/22/2021 | 35 | CERTIFICATE of Interested Parties filed by Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham, (Kaba, Moez) (Entered: 09/22/2021) |
| 10/12/2021 | 36 | [WITHDRAWN PURSUANT TO NOTICE OF WITHDRAWAL DKT. 37 ] STIPULATION to Continue Hearing on Motion to Dismiss from November 22, 2021 to December 20, 2021 Re: NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint 32 filed by Plaintiff Peter Conti, Daniel E. Davis. (Attachments: # 1 Proposed Order)(Grossbardt, Jonah) Modified on 10/14/2021 (es). (Entered: 10/12/2021) |
| 10/12/2021 | 37 | Notice of Withdrawal of Stipulation to Continue, 36 filed by Plaintiff Peter Conti, Daniel E. Davis. (Grossbardt, Jonah) (Entered: 10/12/2021) |
| 10/12/2021 | 38 | STIPULATION to Continue Hearing on Motion to Dismiss from November 22, 2021 to December 20, 2021 Re: NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint 32 filed by Plaintiff Peter Conti, Daniel E. Davis. (Attachments: # 1 Proposed Order)(Grossbardt, Jonah) (Entered: 10/12/2021) |
| 10/13/2021 | 39 | ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND SETTING MOTION HEARING DATE 38 by Judge James V. Selna. Plaintiffs shall file and serve their Opposition Papers to Defendants motion under Rule 12 by November 15, 2021; The Served Defendants shall file and serve their Reply Papers by December 6, 2021; The Scheduling Conference is continued from November 22, 2021 to December 20, 2021 at 10:30 a.m. Counsel shall file the Joint Rule 26 Meeting Report, with the completed Exhibit A by December 13, 2021. The Rule 12 Motion will also be heard on December 20, 2021 at 1:30 p.m. The parties shall serve their Rule 26(a) disclosures on January 10, 2022, unless any motion to dismiss has been granted or Plaintiffs file an amended complaint, in which case the parties shall meet and confer regarding a new date as appropriate. All other dates in the Scheduling Order shall be continued and docketed accordingly. (es) (Entered: 10/13/2021) |
| 11/15/2021 | 40 | Opposition to re: NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint 32 filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Attachments: # 1 Proposed Order)(Grossbardt, Jonah) (Entered: 11/15/2021) |
| 11/19/2021 | 41 | Notice of Appearance or Withdrawal of Counsel: for attorney Grace W. Zhang counsel for Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham. Adding Grace W. Zhang as counsel of record for Defendants D&D Filmed Productions, Inc. (erroneously named as "Denver and Delilah Productions"); A.J. Dix; Eros International Media, Ltd.; Trish Hofmann (erroneously named as "Trish Hoffman"); Beth Kono; Matthew Stone; Anthony Tambakis; Charlize Theron; and Rebecca Yeldham for the reason indicated in the G-123 Notice. Filed by Defendants Defendants D&D Filmed Productions, Inc. (erroneously named as "Denver and Delilah Productions"); A.J. Dix; Eros International Media, Ltd.; Trish Hofmann (erroneously named as "Trish Hoffman"); Beth Kono; Matthew Stone; Anthony Tambakis; Charlize Theron; and Rebecca Yeldham. (Attorney Grace W. Zhang added to party Denver and |

| | | |
|---|---|---|
| | | Delilah Productions(pty:dft), Attorney Grace W. Zhang added to party A. J. Dix(pty:dft), Attorney Grace W. Zhang added to party Eros International Media LTD.(pty:dft), Attorney Grace W. Zhang added to party Trish Hoffman(pty:dft), Attorney Grace W. Zhang added to party Beth Kono(pty:dft), Attorney Grace W. Zhang added to party Matthew Stone(pty:dft), Attorney Grace W. Zhang added to party Anthony Tambakis(pty:dft), Attorney Grace W. Zhang added to party Charlize Theron(pty:dft), Attorney Grace W. Zhang added to party Rebecca Yeldham(pty:dft)) (Zhang, Grace) (Entered: 11/19/2021) |
| 12/03/2021 | 42 | STIPULATION to Continue Scheduling Conference and Rule 12 Motion hearing from December 20, 2021 at 10:30 am and 1:30 pm to Feb. 14, 2022 at 10:30 am and 1:30 pm filed by Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham. (Attachments: # 1 Proposed Order)(Kaba, Moez) (Entered: 12/03/2021) |
| 12/03/2021 | 43 | ORDER DENIED BY ORDER OF THE COURT by Judge James V. Selna, Denying Stipulation to Continue Case Management Conference and Motion Hearing 42 . (es) (Entered: 12/03/2021) |
| 12/06/2021 | 44 | REPLY in support of NOTICE OF MOTION AND MOTION to Dismiss First Amended Complaint 32 filed by Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham. (Attachments: # 1 Proposed Order) (Kaba, Moez) (Entered: 12/06/2021) |
| 12/13/2021 | 45 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 3-5 days, filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC.. (Grossbardt, Jonah) (Entered: 12/13/2021) |
| 12/17/2021 | 46 | SCHEDULING NOTICE by Judge James V. Selna: The Scheduling Conference previously scheduled for 12/20/2021 10:30 AM is VACATED. Scheduling Order to be issued. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (eva) TEXT ONLY ENTRY (Entered: 12/17/2021) |
| 12/27/2021 | 47 | ORDER FOR JURY TRIAL SETTING DATES; PREPARATION FOR TRIAL; AND GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL by Judge James V. Selna. (eva) (Entered: 12/27/2021) |
| 12/27/2021 | 48 | MINUTE ORDER [IN CHAMBERS] ORDER RE SCHEDULING DATES by Judge James V. Selna: The Court has read and considered the parties Rule 26(f) Report and sets the following dates: Jury Trial December 13, 2022 at 8:30 a.m. Final PreTrial Conference November, 28 2022 at 11:00 a.m. Discovery Cut-off June 28, 2022. Expert Discovery Cut-off August 29, 2022. Law and Motion Cut-off October 24, 2022 at 1:30 p.m. re: Joint Report Rule 26(f) Discovery Plan 45 . [See document for additional information] (es) (Entered: 12/27/2021) |
| 01/03/2022 | 49 | MINUTES [IN CHAMBERS] Order Regarding Motion to Dismiss First Amended Complaint 32 by Judge James V. Selna: For the following reasons, the Court GRANTS the motion with leave to amend. The Court finds that oral argument is not necessary on this motion. Granting 32 MOTION to Dismiss. [See document for details.] (es) (Entered: 01/03/2022) |

| | | |
|---|---|---|
| 01/24/2022 | 50 | Second AMENDED COMPLAINT against Defendants Blue Tongue Films, Denver and Delilah Productions, A. J. Dix, Nash Edgerton, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham amending Amended Complaint/Petition, 11 , filed by Plaintiffs Peter Conti, Gringo Holdings, LLC, Daniel E. Davis(Grossbardt, Jonah) (Entered: 01/24/2022) |
| 02/02/2022 | 51 | NOTICE OF ASSIGNMENT of Panel Mediator. Mediator (ADR Panel) John R Sommer has been assigned to serve as Panel Mediator. (lst) (Entered: 02/02/2022) |
| 02/07/2022 | 52 | NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint filed by Served Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham. Motion set for hearing on 3/21/2022 at 10:30 AM before Judge James V. Selna. (Attachments: # 1 Proposed Order) (Kaba, Moez) (Entered: 02/07/2022) |
| 02/07/2022 | 53 | [IN CHAMBERS] SCHEDULING NOTICE. On the Court's own motion, the NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 52 set for 3/21/2022 at 10:30 a.m. will be heard the same date 3/21/2022 but at 1:30 pm, the time Judge Selna hears motions. Counsel shall review Judge Selna's procedures and schedule page.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (eva) TEXT ONLY ENTRY (Entered: 02/07/2022) |
| 02/16/2022 | 54 | NOTICE of Change of firm name and address by Jonah Adam Grossbardt attorney for Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. Changing firm name to Wachtel Missry LLP (for Spencer Dreier) and address to 885 Second Avenue, New York New York, 10017. Filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Grossbardt, Jonah) (Entered: 02/16/2022) |
| 02/28/2022 | 55 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 52 filed by Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (Grossbardt, Jonah) (Entered: 02/28/2022) |
| 03/07/2022 | 56 | REPLY in support of NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 52 filed by Defendants Denver and Delilah Productions, A. J. Dix, Eros International Media LTD., Trish Hoffman, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, Rebecca Yeldham. (Kaba, Moez) (Entered: 03/07/2022) |
| 03/23/2022 | 57 | MINUTES [IN CHAMBERS] Order Regarding Motion to Dismiss Second Amended Complaint 52 by Judge James V. Selna: Defendants Denver and Delilah Productions, A.J. Dix, Eros International Media, Ltd., Trish Hofmann, Beth Kono, Matthew Stone, Anthony Tambakis, Charlize Theron, and Rebecca Yeldham (collectively, "Defendants") move to dismiss Plaintiffs Daniel E. Davis, Peter Conti, and Gringo Holdings, LLC's (collectively, "Plaintiffs") Second Amended Complaint ("SAC") (Dkt. 50 ) pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Mot., Dkt. 52 . Plaintiffs oppose this motion. Opp'n, Dkt. 55 . Defendants filed a reply. Dkt. 56 . For the following reasons, the Court GRANTS the Motion without leave to amend. Granting 52 MOTION to Dismiss. [See Order for details.] (MD JS-6. Case Terminated) (es) (Entered: 03/23/2022) |
| 04/22/2022 | 58 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. Appeal of Order on Motion to Dismiss,,, 57 . (Appeal Fee - $505 Fee Paid, Receipt No. ACACDC-33176356.) (Grossbardt, Jonah) (Entered: 04/22/2022) |

Case: 22-55416, 07/27/2022, ID: 12503843, DktEntry: 15, Page 48 of 48

CM/ECF - California Central District https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?10795234193019-L_1_0-1

| | | |
|---|---|---|
| 04/25/2022 | 59 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 22-55416 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 58 as to Plaintiffs Peter Conti, Daniel E. Davis, Gringo Holdings, LLC. (car) (Entered: 04/26/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/21/2022 06:14:30 | | | |
| **PACER Login:** | tl0027 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-cv-02090-JVS-JDE End date: 7/21/2022 |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

12 of 12 7/21/2022, 9:15 AM

**ER_48**